UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON KEITH BLATNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18CV186 HEA |
| CHARLES OCHS, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Aaron Keith Blatner, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $4.98. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to amend his complaint to state whether he intends to sue the defendants in an individual capacity, an official capacity, or both.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified account statement detailing his account not for the six months immediately preceding the filing of the complaint, but for May through November of 2017. However, rather than require plaintiff to submit an updated inmate account statement at this time, the Court will use the statement provided to calculate plaintiff's initial partial filing fee. The statement shows an average monthly deposit of $21.10, and an average monthly balance of $24.92. The Court will therefore assess an initial partial filing fee of $4.98, which is twenty percent of plaintiff's average monthly balance. Any claim that plaintiff is unable to pay this amount must be supported by an updated copy of plaintiff's institution account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff is an inmate at the Tipton Correctional Center. He initiated this case on July 25, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Charles Ochs (a deputy sheriff with the Ste. Genevieve County Sheriff's Department), Unknown Cusanellli (a member of the Ste. Genevieve Police Department), John Does 1 and 2 (law enforcement officers), John Doe 3 (the Ste. Genevieve County Sheriff), and John Doe 4 (the Ste. Genevieve Police Chief). When plaintiff filed his original complaint with this Court, he failed to sign it as required by Rule 11 of the Federal Rules of Civil Procedure. However, plaintiff has since corrected the omission by filing a signed amended complaint.

Plaintiff's allegations stem from a February 2017 incident in which he was attacked by a police K-9 officer, and beaten by law enforcement officers during the course of his arrest. However, plaintiff has not specified whether he intends to sue each of the defendants in an individual capacity, an official capacity, or both. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon the allegations in the amended complaint, the defendants are employed either by the Ste. Genevieve Police Department or the Ste. Genevieve Sheriff's Department. However, neither of those entities are subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such). In addition, the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

3

In consideration of plaintiff's *pro se* status, the Court will permit him leave to amend his complaint for the purpose of specifying the capacity in which he intends to sue each defendant. The failure to sue any defendant in an individual capacity may result in the dismissal of this case against that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.98 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the amended complaint, docket number 6.

**IT IS FURTHER ORDERED** that plaintiff shall indicate on the amended complaint whether he intends to sue each defendant in an individual capacity, an official capacity, or both, and return the amended complaint to the Court within twenty-one (21) days of the date of this order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 1st day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE