UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON KEITH BLATNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18CV186 HEA |
| ) | |
| CHARLES OCHS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Aaron Keith Blatner's response to its October 1, 2018 order. For the reasons explained below, the Court will direct the Clerk of Court to issue process upon the amended complaint as to defendants Charles Ochs and Unknown Cusanelli in their individual capacities, and will dismiss plaintiff's official capacity claims against Ochs, Cusanelli and John Does 1 and 2. In addition, the Court will dismiss John Doe 3 and John Doe 4 from this action.

## Background

Plaintiff is an inmate at the Tipton Correctional Center. He initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Charles Ochs (a deputy sheriff with the Ste. Genevieve County Sheriff's Department), Unknown Cusanelli (a member of the Ste. Genevieve Police Department), John Does 1 and 2 (law enforcement officers), John Doe 3 (the Ste. Genevieve County Sheriff), and John Doe 4 (the Ste. Genevieve Police Chief). However, plaintiff failed to sign the complaint. After the Court called the omission to his attention, he filed a signed amended complaint against those same defendants. However, he failed to specify the capacity in which he intended to sue them. In consideration of plaintiff's *pro se* status, the Court

entered an order directing the Clerk of Court to return the amended complaint to him to allow him to remedy that omission. In response, plaintiff filed a document with the Court stating he intends to sue each defendant in his official and individual capacity, "official being the City of St. Genevieve, the County of St. Genevieve, the Sheriff's Office of St. Genevieve and the St. Genevieve county jail, whoever is responsible for the actions of the defendants." (Docket No. 9/filed October 24, 2018). The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that

court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Amended Complaint

Plaintiff alleges as follows. On or around February 9, 2017, he was driving in Ste. Genevieve County when three vehicles passed him, then turned around and followed him. These vehicles were later identified as law enforcement vehicles, one of which was driven by defendant Ochs. Ochs did not activate his car's lights or sirens, or identify himself as a law enforcement officer. Plaintiff turned into a private driveway at 10682 State Route Y in Ste. Genevieve County. He exited his car and entered a wooded area.

Subsequently, plaintiff was violently attacked by an animal which was later identified as a Ste. Genevieve Police Department K-9 officer named "Yadi." Plaintiff restrained Yadi by putting him in a head lock. Plaintiff then heard Ochs, Cusanelli, John Doe 1 and John Doe 2 approach through the wooded area. Plaintiff repeatedly yelled, "I'm over here." (Docket No. 1 at 8). Ochs, Cusanelli, John Doe 1 and John Doe 2 repeatedly yelled "show your hands." *Id.* Plaintiff repeatedly yelled "call your dog off I'm unarmed." *Id.* Cusanelli commanded Yadi to attack plaintiff, and Yadi did so for approximately two minutes while Ochs, Cusanelli, John Doe 1 and John Doe 2 stood ten feet away with weapons in their hands. Upon Cusanelli's command, Yadi then released plaintiff. Ochs handcuffed plaintiff and asked him his name, and plaintiff

3

told him. Ochs asked whether anyone was recording this, and the others stated no. Ochs said "ready," and then they all kicked plaintiff repeatedly. Someone then raised plaintiff to his feet and, as he was being escorted to a waiting ambulance, Ochs pushed him forward, causing him to fall on his face and sustain a concussion and bruising. Ochs raised plaintiff up and put him in the ambulance, and plaintiff was taken to Ste. Genevieve Memorial Hospital where he was treated for his injuries. He was then taken to the Ste. Genevieve County Jail. Plaintiff alleges that Ochs, Cusanelli, John Doe 1 and John Doe 2 violated his constitutional rights when they assaulted him and failed to protect him from the attack by Yadi.

Plaintiff also alleges that Ochs, Cusanelli, John Doe 1 and John Doe 2 "jointly and severally omitted and concealed facts from supervisory officers, prosecutors, and the Circuit Court of St. Genevie County." *Id.* at 11. He alleges that "[b]y making false statements on probable cause statement dated February 12, 2017 – case number 17—125 St. Genevie County Sheriff's Department – defendant Ochs showed deliberate indifference to the safety and well being needs and by concealing/omitting facts sought to the deprivation of the right and body liberty and caused atypical and significant hardship to the rights of plaintiff that are punishable by Missouri law, and violate plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution." *Id.* at 13.

Regarding John Doe 3 and John Doe 4, plaintiff writes: "Additionally, this complaint alleges the County of St. Genevie, Missouri, defendants John Doe 3 St. Genevie County Sheriff, and John Doe 4 St. Genevie Police Chief created customs and policies that supported all defendants' rights violations upon plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983." *Id.* at 11. Plaintiff also alleges that John Does 3 and 4 acted "[w]ith deliberate indifference to the substantial risk of

4

harm to plaintiff" and "failed to take reasonable measures to protect plaintiff in their custody in violations of the Eighth and Fourteenth Amendments to the United States Constitution." *Id.*

As relief, plaintiff seeks $400,000 in damages.

**Discussion**

Plaintiff's official capacity claims against all of the defendants will be dismissed. A suit against a public employee in his official capacity is the equivalent of a suit against the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon plaintiff's allegations, the defendants are employed either by the Ste. Genevieve County Sheriff's Department or the Ste. Genevieve Police Department, neither of which is an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff does appear to attempt to state a claim of municipal liability under *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978), in that he alleges that Ste. Genevieve County and John Does 3 and 4 "created customs and policies that supported all defendants' rights violations" upon him. (Docket No. 6 at 11). However, plaintiff makes no attempt to allege facts describing any particular custom or policy, or facts describing a relationship between a custom or policy and a constitutional violation. Plaintiff's vague and conclusory allegations that his injuries were somehow caused by unidentified customs or policies are insufficient to state a claim of municipal liability. *See Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused his injuries); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its

5

relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.").

The Court turns to plaintiff's individual capacity claims against Ochs, Cusanelli, John Doe 1 and John Doe 2. Plaintiff alleges that Cusanelli commanded Yadi to attack him even though he was posing no threat; that all of these defendants stood by as he was attacked for two minutes; that all of these defendants repeatedly kicked him as he lay handcuffed and helpless on the ground; and that Ochs pushed him forward while he was handcuffed, causing him to fall and sustain significant injuries. Plaintiff alleges these events occurred during the course of his arrest. Liberally construing plaintiff's allegations, the Court concludes that plaintiff has adequately stated Fourth Amendment claims of excessive force and failure-to-protect against Ochs, Cusanelli, John Doe 1 and John Doe 2 in their individual capacities. These claims will be allowed to proceed.

Plaintiff also alleges that these defendants "omitted and concealed facts from supervisory officers, prosecutors, and the Circuit Court," and that Ochs made "false statements" on a probable cause statement. (Docket No. 6 at 11, 13). Plaintiff fails to allege even the most basic of facts in support of these claims, such as what facts the defendants omitted and concealed, or what false statements Ochs made. Instead, he offers only the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are not entitled to the presumption of truth. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Having liberally construed these allegations, the Court concludes that they fail to state any plausible claims for relief.

The Court turns to plaintiff's allegations against John Doe 3 and John Doe 4. He alleges that these defendants acted "[w]ith deliberate indifference to the substantial risk of harm to

plaintiff" and "failed to take reasonable measures to protect plaintiff in their custody in violations of the Eighth and Fourteenth Amendments to the United States Constitution." (Docket No. 6 at 11). Again, plaintiff makes no effort to allege facts in support of these claims, and instead offers only the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are not entitled to the presumption of truth. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). In addition, plaintiff makes no attempt to allege that either John Doe 3 or John Doe 4 was directly involved in or personally responsible for any of the alleged constitutional violations. Instead, plaintiff appears to allege that these defendants are liable to him because they held administrative or supervisory positions. Such allegations do not state claims that are cognizable under § 1983. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). The Court concludes that plaintiff has failed to state any plausible claims for relief against John Doe 3 or John Doe 4, and will therefore dismiss these defendants from this action.

Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Charles Ochs in his individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Ste. Genevieve County Sheriff's Department, 5 Basler Drive, Ste. Genevieve, Missouri 63670.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Unknown Cusanelli in his

individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Ste. Genevieve Police Department, 165 S. 4th Street, Ste. Genevieve, Missouri 63670.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Charles Ochs, Unknown Cusanelli, John Doe 1 and John Doe 2 are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendants John Doe 3 and John Doe 4 are **DISMISSED** from this action, without prejudice.

A separate order of partial dismissal will be entered herewith.

Dated this 20th day of November, 2018.

                                    HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE