# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AARON KEITH BLATNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18CV186 HEA |
| | ) | |
| CHARLES OCHS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 30]. Plaintiff has responded to the motion [Doc. No. 33]. The motion will be denied.

On February 5, 2019, the Court issued a Case Management Order based on the case's assignment to Track 5: Prisoner Case. In accordance with the Case Management Order, the parties were to make certain initial disclosures no later than March 7, 2019. Defendants were granted leave of court, pursuant to Fed. R. Civ. P. 30(a), to take the deposition of Plaintiff, upon reasonable notice. Discovery was scheduled to close on August 6, 2019. The Case Management Order mailed to Plaintiff at Tipton Correctional Center was returned undelivered but was forwarded to Plaintiff at Farmington Correctional Center.

Counsel for Defendant averred that on June 28, 2019, she conducted a search on the Missouri Department of Corrections website to determine Plaintiff's

location for deposition. That search revealed that Plaintiff was assigned to the Probation and Parole division, and therefore no longer confined. Counsel also conducted searches revealing that Plaintiff was confined neither in the State of Illinois nor the Federal system. Counsel averred that "To date [August 7, 2019], I have no information regarding Plaintiff's current location or address."

On August 8, 2019, Defendants filed the instant motion for involuntary dismissal for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule— except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

In support of their motion, Defendants state that Plaintiff failed to file a change of address after his release from confinement and failed to comply with the Case Management Order's initial disclosures and discovery deadlines. Additionally, Defendants note that Plaintiff has failed to communicate with Defendants' counsel.

On August 15, 2019, Plaintiff filed a notice of change of address with the Court [Doc. No. 32]. On September 23, 2019, Plaintiff filed a response to Defendant's motion to dismiss [Doc. No. 33] in which he requested time to find an attorney. On September 26, 2019 Plaintiff filed a motion for extension of "any deadlines that may dismiss my case," [Doc. No. 34] which was granted.

In several of his filings, Plaintiff notes that he has been denied appointed counsel and is attempting to find representation. The Court reminds Plaintiff that there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). The Court has already determined that at this point in the litigation, appointment of counsel is not warranted [Doc. No. 29].

The Court finds that involuntary dismissal of Plaintiff's Complaint is not an appropriate remedy for Plaintiff's delays and failure to meet deadlines at this time. Moving forward, the Plaintiff is ordered to communicate with Defendants' counsel and comply with the Court's orders, including deadlines. Failure to do so may likely result in dismissal of Plaintiff's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 30], is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit, within 14 days, an amended joint proposed scheduling plan.

Dated this 6th day of March 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE